ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| EMMANUEL FUENTES ENRIQUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN DEL GOBIERNO DE PUERTO RICO<br><br>Recurrido | KLRA202300589 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación del Gobierno de Puerto Rico<br><br>Núm. de Solicitud: 407-23<br><br>Sobre:<br>Solicitud de remedio administrativo |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 14 de diciembre de 2023.

El señor Emmanuel Fuentes Enríquez presentó ante este Tribunal de Apelaciones una solicitud de revisión judicial mediante el cual solicitó que se le ordene al Departamento de Corrección que atienda ciertas solicitudes de remedios administrativos presentadas en la Institución de adultos 292 en Bayamón, Puerto Rico.

Por los fundamentos a continuación, se desestima el recurso por falta de jurisdicción al no haberse agotado los remedios administrativos.

**I**

El señor Fuentes Enríquez expuso en su escrito de revisión administrativa que tras un incidente en la Institución de adultos Guayama 1000, fue trasladado al centro penitenciario Bayamón 292. En esta última ha enfrentado inconvenientes con los buzones de correspondencia puesto que sus cartas están mojadas. Sostiene que esto solo ocurre en su buzón y que estos no son los adecuados. Además, sostuvo que la rendija por donde se introducen las cartas al buzón no tiene el tamaño adecuado para que estas entren fácilmente sin quedar estrujadas.

Número Identificador
SEN2023_____

El recurrente incluyó copia de su *Solicitud de Remedio Administrativo* ante el Departamento de Corrección y Rehabilitación. Mediante dicha petición, este reclamó que el tamaño de los buzones de correspondencia y el orificio donde se introducen las cartas no son adecuados. Por lo cual, este afirmó que esta situación atentaba en contra de sus derechos. Finalmente, informó que, si dicha situación no era corregida, acudiría al Tribunal apelativo o la Corte de Distrito Federal en San Juan.

Adelantamos que se deniega la expedición del auto de *certiorari* sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[1]

**II**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601, *et seq.* (LPAU) estableció el estándar de revisión judicial de órdenes, resoluciones y providencias dictadas por las agencias administrativas. Precisamente, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, dispone que "[u]na parte adversamente afectada por una **orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia** o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones . . .". (Énfasis suplido.)

En virtud de ello, se requiere que la parte que recurre ante el Tribunal de Apelaciones para solicitar la revisión de una determinación de la agencia administrativa debe haber agotado remedios provistos por la propia agencia. A base de la determinación de la agencia, es que este Tribunal de Apelaciones adquiere jurisdicción. Conforme a la Sección 1.3(f) de la LPAU, 3 LPRA 9603, una *orden o resolución* "significa cualquier decisión o acción agencial de aplicación particular que adjudique derechos u

---

[1] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas . . .".

La disposición final exigida es a los efectos de que la decisión administrativa refleje la posición de la agencia, ponga fin a las controversias presentadas ante esta y tenga efectos sustanciales sobre las partes, por lo que puede ser revisable judicialmente. *S.L.G. Flores Jimenez v. Colberg*, 173 DPR 843, 851 (2008); *Padilla Falú v. A.V.P.*, 155 DPR 183 (2001). Esta doctrina de agotamiento aplica en los casos en los que una parte instó una acción ante la agencia y acude luego al tribunal sin antes haber completado la gestión administrativa. *AAA v. UIA*, 200 DPR 903, 911 (2008). "El agotamiento de remedios presupone la existencia de un procedimiento administrativo que comenzó, o que debió haber comenzado, pero que no finalizó porque la parte concernida recurrió al foro judicial antes de que se completase el referido procedimiento administrativo". J.A. Echevarría Vargas, *Derecho administrativo puertorriqueño*, 4ta ed. rev., San Juan, Ed. SITUM, 2017, pág. 71.

Por ello, el Artículo 4.006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, 4 LPRA sec. 24y, dispone que el Tribunal de Apelaciones atenderá mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. Esto es, cualquier orden o resolución emitida por la última autoridad decisoria o adjudicativa de la agencia administrativa que pone fin al caso ante la agencia, puesto que resuelve todas las controversias y no deja asuntos pendientes a decidirse en el futuro. *Bird Const. Corp. v. A.E.E. et al,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías et al.,* 144 DPR 483, 490 (1997).

Para prescindir de este requisito de agotamiento, es necesario que la parte recurrente demuestre hechos específicos que justifiquen la intervención del Tribunal. *Procuradora Paciente v. MCS*, 163 DPR 21, 35 (2004). Por ejemplo, no procede la aplicación de esta doctrina cuando: "(1) dar curso a la acción administrativa cause un daño inminente, material,

sustancial y no teórico o especulativo; (2) el remedio administrativo constituya una gestión inútil, inefectiva y que no ofrezca un remedio adecuado; (3) la agencia claramente no tenga jurisdicción sobre el asunto y la posposición conllevaría un daño irreparable al afectado, o (4) el asunto es estrictamente de derecho". *ORIL v. El Farmer, Inc.*, 204 DPR 229, 240 (2020); 3 LPRA 9673. Ausentes estas circunstancias, el trámite administrativo ha de continuar sin la intervención del Tribunal.

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción a los fines de poder atender los recursos presentados ante sí. *Souffront v. A.A.A.,* 164 DPR 663, 674 (2005). Por ello, no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio se la pueden otorgar. *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). La ausencia de jurisdicción es insubsanable. *Id.* Por lo cual, cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo y desestimar el caso. *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

### III

Examinado el expediente ante nuestra consideración, concluimos que el señor Fuentes Enríquez no recurre de un dictamen administrativo revisable ante este Tribunal. Precisamente, surge que el recurrente presentó una *Solicitud de remedio administrativo* ante el Departamento de Corrección y Rehabilitación en la que exigió que se corrigiera una situación respecto a los buzones de correspondencia correspondientes a la Institución Bayamón 292. Sin embargo, no adjuntó copia de orden o resolución final alguna en la que la agencia adjudicara su reclamo.

Ante la ausencia de una determinación que contenga la posición final de la agencia, este foro carece de jurisdicción para atender el recurso de revisión judicial presentado por el señor Fuentes Enríquez. El trámite administrativo no ha culminado, por lo que no se han agotado remedios administrativos, situación que nos priva de jurisdicción para ejercer nuestra

función revisora. El recurrente no demostró la presencia de circunstancias que ameriten el relevo de este requisito.

**IV**

Por los fundamentos antes expuestos, se desestima el recurso de revisión judicial por falta de jurisdicción al no haberse agotado los remedios administrativos.

**Notifíquese.**

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones